UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-00028-JLS (KS)              Date: January 4, 2019

Title   *Marquise Caliz v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: TIMELINESS**

     On January 3, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition, Petitioner is challenging an October 10, 2014 conviction for, *inter alia*, murder with gang and firearm enhancements. (*See* Petition at 2.) Petitioner appealed his sentence. (*Id.* at 2-3.) On May 15, 2017, the California Court of Appeal issued a reasoned, unpublished decision affirming the trial court's judgment. *People v. Caliz*, No. B265903, 2017 Cal. App. Unpub. LEXIS 3350 (Cal. Ct. App. May 15, 2017). Petitioner filed a Petition for Review in the California Supreme Court, which denied the petition on August 9, 2017. *People v. Caliz*, No. S242632, 2017 Cal. LEXIS 6251 (Cal. Aug. 9, 2017). According to the Petition, Petitioner did not seek collateral review until December 18, 2018, when he filed a habeas petition in the California Supreme Court. (*See* Petition at 3-4.) Shortly thereafter, Petitioner filed the instant Petition, presenting four claims for relief – ineffective assistance of counsel, prosecutorial misconduct, juror misconduct, and judicial misconduct (Petition at 5-6) – and a requested a stay pending the outcome of his state habeas petition (Dkt. No. 3).

     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it appears from the face of the Petition that the action is untimely and must be dismissed with prejudice pursuant to Habeas Rule 4.[1]

---

[1]     Furthermore, to obtain a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must show: (1) "good cause" for his failure to exhaust the claims at issue; (2) the unexhausted claims are "potentially meritorious"; and (3) he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277, 278.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1). In this case, Petitioner's conviction became final on November 7, 2017, upon the expiration of ninety days from the

---

However, at this time, the Court is not persuaded that Petitioner's claims are potentially meritorious because they appear to be untimely.

California Supreme Court's denial of Petitioner's Petition for Review. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court). Petitioner has not alleged that he is entitled to an alternative commencement date under Section 2244(d)(1)(D). Therefore, the statute of limitations commenced running on November 8, 2017, and absent tolling, expired on November 7, 2018. *See Patterson*, 251 F.3d at 1246. Petitioner constructively filed his federal petition on December 18, 2018, more than a month after November 7, 2018. Further, the Court's review of the Petition and the California state courts website indicates that Petitioner did not file any state habeas petition until after the November 7, 2018 deadline. Thus, Petitioner has not demonstrated that he is entitled to statutory tolling, and the Petition is facially untimely.

In sum, Petitioner filed the Petition more than a month after the AEDPA statute of limitations expired and he: (1) has not proposed, let alone demonstrated that he is entitled to, an alternative commencement date; (2) has not demonstrated that he is entitled to statutory or gap tolling for any state habeas petitions; and (3) has not alleged any extraordinary circumstances that prevented him from timely filing this action, *see Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted). Accordingly, it appears from the face of the Petition that the action must be dismissed as untimely.

In light of the foregoing and in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before January 25, 2019 why the Petition should not be dismissed** – that is, Petitioner must file, no later than January 25, 2019 a First Amended Petition that includes specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

If Petitioner no longer wishes to pursue this action, he may file, in lieu of a First Amended Petition, a signed document entitled "Notice Of Voluntary Dismissal" dismissing the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1).

Petitioner's failure to timely comply with this Order and adequately establish the timeliness of this action may result in a recommendation of dismissal.

**IT IS SO ORDERED**.

|                        |     |
|------------------------|-----|
|                        | :   |
| **Initials of Preparer** | gr |