| | |
|---|---|
| Case No. CV 19-00028-JLS (KS) | Date: April 4, 2019 |
| Title *Marquise Elmo Caliz v. Warden* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: RECONSIDERATION OF MOTION TO GRANT STAY AND ABEYANCE**

## INTRODUCTION

On January 3, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition, Petitioner is challenging an October 10, 2014 conviction for, *inter alia*, murder with gang and firearm enhancements. (*See* Petition at 2.) The Petition presents four claims for relief:  ineffective assistance of counsel; prosecutorial misconduct; juror misconduct; and judicial misconduct. (Petition at 5-6.) Petitioner also requested that the Court stay this action and hold his claims in abeyance pending the outcome of his state habeas petition, which he constructively filed in the California Supreme Court on December 18, 2018. (Dkt. No. 3) (citing *Riner v. Crawford*, 415 F.Supp.2d 1207 (D. Nev. 2006), which concerned a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005)).

On March 11, 2019, Petitioner, in response to the Court's January 4, 2019 Order to Show Cause RE: Timeliness (Dkt. No. 5), filed, *inter alia*, a "Demonstration of Due Diligence," in which he alleged that he completed his habeas petition on November 4, 2018 but was denied access to the law library and was only able to obtain copies of the petition for service on December 18, 2018 with the help of an "inmate clerical worker." (Dkt. No. 11.) Petitioner constructively filed petitions with the California Supreme Court and with this Court on December 18, 2018. On March 18, 2019, the Court ordered service of the Petition (Dkt. No. 12), and on March 28, 2019, the Court granted Petitioner's request for a *Rhines* stay (Dkt. No. 14).

On April 3, 2019, Respondent filed a Motion for Reconsideration and to Vacate March 28, 2019 Order (the "Motion"), in which Respondent asks the Court to reconsider the March 28, 2019 Order granting Petitioner's request for a stay. (Dkt. No. 15.) Respondent asks the Court to vacate the stay "on the ground that Respondent has not had an opportunity oppose Petitioner's stay request" and permit Respondent to file an opposition to Petitioner's request for a stay. (*Id.*) Respondent attached a copy of his proposed opposition to the Motion. (Motion at Exh. A.)

## DISCUSSION AND ORDER

"[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). In the Central District, Local Rule 7-18 states that a party may file a "motion for reconsideration of the decision on any motion" but only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

Respondent has not alleged that any of these three grounds apply here. Instead, Respondent contends that reconsideration is warranted because: (1) he was denied an opportunity to oppose Petitioner's request for a stay; and (2) Petitioner's request for a stay did not address whether Petitioner had "good cause" for Petitioner's failure to exhaust his claims.

\\
\\
\\

Nevertheless, in the interests of justice, **IT IS HEREBY ORDERED that Petitioner shall show cause no later than May 3, 2019 why Respondent's motion for reconsideration and for a court order vacating the stay should not be granted.**  Petitioner may discharge this Order by filing a response on or before the May 3, 2019 deadline that establishes that he had good cause for failing to exhaust the claims in the Petition.

As the Court previously informed Petitioner, to obtain a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must show "good cause" for the failure to exhaust the claim(s) at issue.[1]  *Rhines*, 544 U.S. at 277.  The Supreme Court has not explained what constitutes "good cause" for a petitioner's failure to exhaust.  The Ninth Circuit, however, has stated that "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."  *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017); *see also id.* ("We recognize, of course, that many state post-conviction proceedings are conducted pro se.  For this group of federal habeas petitioners, the first element of the *Rhines* test can easily be established to the extent that they were without counsel.").  In its order granting Petitioner's request for a stay, the Court stated that, "although it is not clear whether Petitioner satisfies all three requirements for a *Rhines* stay, in the interests of justice, and in light of Petitioner's *pro se* status, the Court grants the Stay Motion."  (Dkt. No. 14.)

Respondent's argument against Petitioner's request for a stay rests heavily on the Central District's decision in *Torres v. McDowell*, 292 F. Supp. 3d 983, 989-90 (C.D. Cal. 2017).  (*See* Motion, Exh. A at 6-7.)  In that case, the Central District stated that *Dixon* should not be read as entitling "any unrepresented petitioner who files his first state court petition at or near the end of the limitation period" to a *Rhines* stay solely on the basis that he did not have counsel to assist with his postconviction proceedings.  *Torres*, 292 F. Supp.3d at 292.  However, the court acknowledged that "some courts have found that a petitioner who files a state habeas petition shortly before the expiration of the federal statute of limitation has necessarily shown good cause," and it distinguished those cases from the situation in *Torres* where the petitioner had started, but

---

[1]     In addition, a petitioner must show that the unexhausted claims are "potentially meritorious" and that he has not engaged in "intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.  However, Respondent does not contend that Petitioner's request for a stay should be denied because his claims are plainly meritless and/or that Petitioner engaged in abusive litigation tactics or intentional delay.  (*See generally* Motion, Exh. A at 7.)

"abandoned," the state court exhaustion process in superior court – without ever reaching the California Supreme Court.  *Torres*, 292 F. Supp. 3d at 991 n.8.

Respondent also cites *Brown v. Muniz,* No. CV 18-50 VAP(JC), 2018 WL 7252958, at *6 (C.D. Cal. Dec. 28, 2018), report and recommendation adopted, No. CV 18-50 VAP(JC), 2019 WL 483320 (C.D. Cal. Feb. 7, 2019).  (Motion, Exh. A at 6-7.)  In *Brown*, the Central District found that the petitioner did not demonstrate "good cause" for his failure to exhaust ground two of the petition because the petitioner had:  (1) offered no explanation for his failure to exhaust ground two; (2) pursued post-conviction relief in the state courts on his other claims for relief without counsel; and (3) waited to commence the exhaustion process on ground two until after the respondent filed a motion to dismiss and the court notified petitioner that ground two was unexhausted.  *See Brown*, 2018 WL 7252958, at *6.

The Clerk is directed to send Petitioner a copy of Exhibit A to the Motion (Respondent's proposed opposition to Petitioner's request for a stay) with this Order.

**IT IS SO ORDERED**.

                                                                              :
                                                        **Initials of Preparer**   gr